IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,076-01




EX PARTE CHEECKO GILBERT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 24,509 IN THE 354TH DISTRICT COURT
FROM HUNT COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to forty years’ imprisonment. The Fifth Court of Appeals affirmed his
conviction. Gilbert v. State, No. 05-08-00482-CR (Tex. App.–Dallas, delivered February 17, 2009). 
            This case was previously remanded to determine the merits of Applicant’s claims of
ineffective assistance of counsel. The trial court responded timely to this Court’s remand order and
entered findings of fact and conclusions of law. However, during the pendency of this Court’s
remand order, Applicant filed three additional claims in three separate amended habeas corpus
applications. In one of the amended applications, Applicant contends that he is actually innocent and
offers a notarized affidavit from the victim, Victor Limas, stating that the aggravated assault in this
case was accidental. Specifically, the affidavit states that Applicant accidentally stabbed Limas and
Limas regrets testifying to the contrary. 
            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Tuley, 109
S.W.3d 388 (Tex. Crim. App. 2002). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that he is actually innocent. Specifically, the trial court shall make findings of fact and
conclusions of law regarding the authenticity and veracity of the affidavit purportedly submitted by
Limas. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 15, 2010
Do not publish